UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRELL WILLIAMS**                                                              **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 15-1116**

**ORLEANS PARISH SHERIFF'S OFFICE**                         **SECTION "B"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

The plaintiff, Darrell Williams ("Williams"), was an inmate who was in transit between the Orleans Parish Prison system and the Jefferson Parish Correctional Center at the time of the filing of this *pro se* complaint under 42 U.S.C. § 1983. The plaintiff filed his complaint against the defendant, Orleans Parish Sheriff's Office, and failed to specify any claim or basis for bringing the suit. The plaintiff also did not submit a filing fee or an application to proceed *in forma pauperis* with his complaint.

**II.    Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts

have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007).  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

**III.    Analysis**

As indicated above, plaintiff's complaint was submitted without a statement of his claims and without the filing fee or a request from him to proceed *in forma pauperis*.  By notices dated April 15, 2015, the Clerk of Court notified Williams that he was required to fully complete the form complaint and either pay the filing fee or complete a certified pauper application.[1]  Out of an abundance of caution, the Clerk of Court mailed this notice to the plaintiff at both the Orleans Parish Prison and the Jefferson Parish Correctional Center, both addresses discernable from his records. The envelopes sent to the Orleans Parish Prison were returned on May 20, 2015, marked "Return

---

[1] Rec. Doc. Nos. 2, 3.

to Sender - JPSO" and "Return to Sender, Unable to Forward."[2] The envelope containing the notice mailed to Williams at the Jefferson Parish Correctional Center was not returned as undeliverable. Nevertheless, Williams did not respond to the deficiency notice.

On May 21, 2015, the undersigned issued an Order requiring Williams to show cause on or before June 10, 2015, why his complaint should not be dismissed for his failure to comply with the Clerk's deficiency notice by completing the form complaint and paying the filing fee or submitting a pauper application.[3] The Order was sent to Williams at his address of record in the Orleans Parish Prison and at the Jefferson Parish Correctional Center. The envelopes sent to Williams at the Orleans Parish Prison were returned on May 27 and 29, 2015, marked "No Longer in Custody" and "Return to Sender."[4] The envelope addressed to Williams at the Jefferson Parish Correctional Center was returned on June 12, 2015, marked "Return to Sender - Not Deliverable as Addressed - Unable to Forward." Williams has not replied to the Court's Rule to Show Cause Order.

The notices of deficiency and the Court's Order were mailed to Williams at the only addresses he has provided to the Court or discernable from his complaint. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. Williams has not notified the Clerk's Office or the Court that he has been released from a facility or that his address has changed. In addition, the plaintiff still has not provided the filing fee or pauper application required to prosecute his case. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

---

[2] Rec. Doc. Nos. 4, 5.

[3] Rec. Doc. No. 6.

[4] Rec. Doc. Nos. 7, 8.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Williams's § 1983 complaint against the defendant, Orleans Parish Sheriff's Office, be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 7th day of July, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.